**John W. PRICE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18901.**

United States Court of Appeals District of Columbia Circuit.

Argued April 8, 1965.

Decided June 10, 1965.

Certiorari Denied Oct. 18, 1965.

See 86 S.Ct. 170.

Mr. Dennis G. Lyons (appointed by this court), Washington D. C., with whom Mr. Gerald M. Stern, Washington, D. C., was on the brief, for appellee.

Mr. Allan M. Palmer, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, DANAHER and McGOWAN, Circuit Judges.

10. Ibid.

FAHY, Circuit Judge.

Appellant was convicted of housebreaking, 22 D.C.Code § 1801, and grand larceny, 22 D.C.Code § 2201, and was given concurrent sentences of three to nine years imprisonment.

On May 14, 1964 a dry cleaning store was broken into at approximately 9:30 p. m. A safe and its contents were found missing. Police officers came upon the scene at about 11 p. m. and were told by the owner that among the contents of the safe were two rolls of quarters bound with a rubber band, and an envelope with the owner's writing on it containing some $500 in bills. An eyewitness testified he saw three men, whom he described in a general way, commit the crime, and that they placed the safe in a black 1955 or 1956 Ford with orange license plates and drove off in the car.

Such a car was spotted about two hours later by officers who saw in the car a crowbar and other tools as well as two rolls of quarters and a bag or envelope later found to contain brass fittings and identified as also having been in the stolen safe.[1] After a few minutes defendant approached the car and got inside, whereupon the officers came up, checked his identification, questioned him about the tools and arrested him. During the questioning one of the officers, Detective Baker, saw an imprint on the rear seat which indicated to him that a large object had rested there corresponding in size to the stolen safe.

Defendant was taken in a squad car to a Precinct Station and a police officer drove defendant's car to the parking lot at the station. The tools, rolls of quarters and the bag or envelope with the brass fittings were then taken into the station. About 20 or 25 minutes later Detective Baker went out to the parking lot again and saw the lights of defendant's car blinking on and off. Upon investigation he found a man, apparently a friend of the defendant,[2] reaching under the front seat of the car. The man was arrested and taken inside. Detective Baker then returned to the car and found under its front seat an empty envelope with the store owner's writing on it.

A hearing was held on defendant's motion to suppress the evidence taken from the car. The court denied the motion except as to some articles obtained from the trunk of the car two days after the arrest and not now involved. The tools, quarters, brass fittings and envelope were admitted in evidence at trial. It is contended this evidence was obtained by an unlawful search and seizure and, therefore, that its admission was reversible error.

■ Defendant conceded that probable cause existed for his arrest. This simplifies the problem. The tools, rolls of quarters and brass fittings were admissible in evidence if seized as incidental to the lawful arrest. Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 11 L.Ed. 2d 777. As that case holds, however, to come within this exception to the necessity for a warrant the seizure must be contemporaneous with the arrest and not remote from it either in time or place. In *Preston* the search of the automobile without a warrant was held not incidental to Preston's arrest for vagrancy, for the arrest had occurred when he was in the automobile and the search of the automobile was not made until it had been driven to the station and then towed to a garage.[3] In holding the search to be unreasonable under the Fourth Amendment the Court pointed out that, although searches of motor cars must meet the

---

1. The fact that the bag or envelope containing the brass fittings was seen in the car by the officers was testified to at trial although not specifically established at the pre-trial hearing on the motion to suppress evidence.

2. Detective Baker testified that he had seen the man inside the station and that he was one of several people who had come to the station to attest to defendant's non-involvement in the robbery.

3. The articles obtained were not visible in the car at the time of the arrest and had no relation to the charge of vagrancy which was the basis for the arrest.

test of reasonableness, questions raised by such searches cannot be treated as identical to those arising out of searches of fixed structures like houses. The Court said that what may be an unreasonable search of a house may be reasonable in the case of a motor car. 376 U.S. at 366–367, 84 S.Ct. 881.

In the present case the tools, rolls of quarters and the bag or envelope containing the brass fittings were seen in the car by the officers at the time they arrested defendant. The car with these visible articles was removed to the station at the same time defendant was taken there in a different car. The articles when seen were under defendant's immediate control and consisted of implements for the commission of a safe robbery and the fruits of the robbery. See Preston v. United States, supra at 367, 84 S.Ct. 881. The seizure of the tools, rolls of quarters and bag of brass fittings as incidental to the original arrest is not obscured by the failure of the officers to take these articles from the car at the time of the arrest instead of waiting until the car in which they visibly reposed reached the station. As to the tools, quarters and brass fittings we find no unreasonable search or seizure.

This leaves the other envelope. As we have said, some 20 or 25 minutes after the car was placed in the parking lot Detective Baker saw a man reaching under the front seat of the car and saw the lights blinking on and off. He arrested the man, took him inside, returned to the car and found the envelope. Thus he came into its possession at the place of the arrest and contemporaneously with it; for the sequence followed by the officer, that is, first taking the arrestee into the station, was a reasonable and practical one and the brief time thus consumed did not destroy the contemporaneousness of the search. For this reason we conclude that the seizure of the envelope was also not the result of unreasonable search or seizure.

The indications were strong that the automobile had been used in the robbery and as a carrier of articles stolen; and the two locations of the car were the very locations at which the two arrests were made. The search of the car at the parking lot which disclosed the envelope after the incident of the blinking lights was part of a continuing series of events which included the original arrest and continued uninterruptedly as lawful police investigation and action. We cannot characterize the conduct of the officers in the circumstances here disclosed as violative of the Fourth Amendment prohibition against an unreasonable search and seizure.

Affirmed.