**The PEOPLE OF the STATE OF NEW YORK ex rel. Shahid El Hussein MUHAMMAD o/c Maynard Prater, Relator,**

v.

**Hon. Vincent R. MANCUSI, as Warden of Attica State Prison, Attica, New York, Respondent.**

**No. 69 Civ. 1999.**

United States District Court
S. D. New York.

July, 21, 1969.

Milton Adler, New York City, for relator; Edmund R. Schroeder, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen. of New York, for respondent; Brenda Soloff, Asst. Atty. Gen., of counsel.

METZNER, District Judge.

On this application for a writ of habeas corpus, the relator contends that the trial court improperly admitted in evidence 44 Travelers Express Company money orders found in a brief case and four such money orders found in a wallet at the time of interrogation of relator at FBI headquarters in New York. It is claimed that the searches of the brief case and the wallet were unconstitutional.

Relator was convicted in the state court of robbery in the first degree of the money orders. The trial court held a hearing in the absence of the jury on a motion to suppress the money orders as evidence. Relator had been arrested at a branch office of the Chase Manhattan Bank, where he attempted to cash

one of the money orders. The FBI agent who made the arrest testified that they searched the relator at the bank, but there is no testimony as to specifically what they found except a nail file. The agent did not search the brief case at the time. The agent took possession of the briefcase and proceeded with the relator to FBI headquarters, where he was turned over to another agent for questioning.

The exact story as to the wallet is unclear. There is no testimony about the wallet being found at the time relator was searched at the bank. However, he testified that he was asked to empty his pockets at FBI headquarters, and the interrogating agent said he saw it on the table while speaking to the relator. This latter agent testified that relator told him he received both the brief case containing in excess of 40 money orders and the wallet from a man named Goldberg. It later turned out that the brief case had relator's initials on it, but he said he had loaned the case to Goldberg the previous day and it was given back to him prior to attempting to cash the money order. The agent searched the brief case and found the 44 money orders, and the wallet which had four money orders. Relator testified that he had no knowledge that he had possession of the money orders in the brief case. "The first time that I ever saw those checks in quantity was when the FBI opened the bag."

There is no question concerning the validity of the arrest. The question presented by relator is whether, absent a search warrant, the search was illegal as not being incident to the arrest. His case support for this proposition is Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, decided by the Supreme Court on June 23, 1969, and Preston v. United States, 376 U.S. 364, 84 S. Ct. 881, 11 L.Ed.2d 777 (1964).

On the day that *Chimel* was decided, the Court refused in two other cases to consider whether its ruling should be applied retroactively. Von Cleef v. New Jersey, 395 U.S. 814, 89 S.Ct. 2051, 23

L.Ed.2d 728; Shipley v. California, 395 U.S. 818, 89 S.Ct. 2053, 23 L.Ed.2d 732. In Desist v. United States, 394 U.S. 244, 252–253, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969), the Court held that the ruling of Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), should apply only to eavesdropping conducted after the date of its decision. It pointed out that the limited retroactivity permitted by Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), of the rule enunciated in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), flowed from the fact that *Mapp* had already been so construed without any discussion of the point. Since the possibility of applying the rule of *Katz* prospectively was still open, the Court in *Desist* adopted the rule it did. See also Fuller v. Alaska, 393 U.S. 80, 89 S.Ct. 61, 21 L.Ed.2d 212 (1968); Johnson v. New Jersey, 384 U. S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

■ From a reading of the cases cited, I find that the rule of *Chimel* should be applied prospectively and does not apply to searches made prior to June 23, 1969.

We now come to the *Preston* case. There the Court held that a search of an automobile taken into possession by the arresting officer at the time of the arrest was illegal. There the car was taken to a garage while the arrestee was taken to a police station to be booked. Thereafter the police went to the garage and searched the car.

The Court said:

"The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime—things which might easily happen when the weapon or evidence is on the accused's person or under his immediate control. But these justifications are absent where a search is remote in time or

place from the arrest. Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest." 376 U.S. at 367, 84 S.Ct. at 883.

■ There is no question that the brief case was taken from relator at the bank and that it could have been searched at that time. If the search of relator at the bank had been more than cursory, the contents of the wallet could also have been ascertained at that time. The drive uptown from the bank to the FBI office could not have taken more than 20 minutes. Under the facts of this case as set forth above, I find that the search was not "remote in time or place from the arrest" within the contemplation of the decided cases. Furthermore, the relator told the officer that the wallet and the brief case which were in the interviewing room during the interrogation contained the money orders.

Application denied. So ordered.