PEOPLE *v.* DANNY WILLIAMS

1. SEARCHES AND SEIZURES—ARREST—INCIDENTAL SEARCH.

Police making a lawful arrest have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime, and this right to search and seize without a search warrant extends to things under the accused's immediate control, and, to an extent depending on the circumstances of the case, to the place where he is arrested.

2. SEARCHES AND SEIZURES—ARREST—INCIDENTAL SEARCH.

A search is incident to an arrest only if it is substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest.

3. SEARCHES AND SEIZURES—ARREST—INCIDENTAL SEARCH.

Search of rented car and seizure of guns and burglar's tools found in it was substantially contemporaneous with the defendant's arrest and reasonable, where there was a need to prevent the possible destruction of the evidence, the fruits of the crime, and to prevent the firearms from being taken from the car by one defendant not found in the process of arresting the defendant and two others named in a felony warrant.

4. CRIMINAL LAW—BURGLARY TOOLS—EVIDENCE.

A check protector taken in a burglary in Indiana and found in a car rented by defendant upon his arrest was properly admitted as bearing upon the defendant's motive or intent concerning the charge against him because in a prosecution for possession of burglary tools the people must establish that the tools are held with the intent to use them as burglary tools (CL 1948, §§ 750.116, 768.27).

REFERENCES FOR POINTS IN HEADNOTES

[1–3]  47 Am Jur, Searches and Seizures § 19.
   Lawfulness of nonconsensual search and seizure without warrant, prior to arrest.  89 ALR2d 715.
[4]  13 Am Jur 2d, Burglary § 77.
[5]  53 Am Jur, Trial § 132 *et seq.*

5. Trial—Prosecuting Attorney—Improper Question Objection. Conduct of the prosecuting attorney in examining a witness for the people by asking an improper question did not constitute prejudicial error, where there was an objection sustained before an answer was given.

Appeal from Berrien, Philip A. Hadsell, J. Submitted Division 3 February 10, 1969, at Grand Rapids. (Docket No. 3,159.) Decided March 26, 1969. Leave to appeal granted September 3, 1969. See 382 Mich 779.

Danny Williams was convicted of the possession of burglary tools. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *Tat Parish,* Assistant Prosecuting Attorney, for the people.

*Bruce C. Conybeare,* for defendant on appeal.

BEFORE: Levin, P. J., and Holbrook and Danhof, JJ.

Per Curiam. Defendant was convicted in the circuit court for Berrien county, before a jury of the crime of having in his possession burglar's tools, knowing them to be such, with an intent to use them, in violation of CL 1948, § 750.116 (Stat Ann 1962 Rev § 28.311). Defendant was sentenced to prison and upon denial of a motion for a new trial appeals.

The Benton Harbor police department was informed by the State police that felony warrants had been issued for the arrest of defendant and 3 other men, and that defendant was driving a car rented from an Avis car rental agent in Benton Harbor.

The agent was the proprietor of a gasoline service station. On August 1, 1966, the defendant drove the rented vehicle to the station where he had rented it for servicing and gasoline. The station owner, having been notified by the police, called police headquarters and policemen were dispatched to the scene. Upon the arrival of the police, the defendant and 2 of the 3 other men wanted because of the felony warrant took off running to evade arrest. The 3 men were caught, arrested, and taken to the police station a couple of blocks away. Mr. Teske, one of the arresting officers, took one of the men to the police station and immediately returned to the gasoline station where the rented car had been left. Looking in the car he observed a check protector on the floor in the back seat. In the presence of the agent for Avis, Officer Teske searched the car finding several guns in addition to the check protector. In the trunk he found a drill, a hacksaw, and 2 crowbars. These articles were seized and marked. At the preliminary examination the items found in the car were offered and accepted into evidence. Defendant was bound over to circuit court for trial.

The defendant moved in circuit court to quash the information, claiming that the tools should not have been admitted at the preliminary examination. The motion was denied. At trial the articles again were admitted.

On appeal the defendant raises 3 questions which are dealt with in order.

1. *Did the trial court err in denying defendant's motion to suppress the alleged burglar tools?*

At the time of the motion all that was before the trial court was a transcript of the evidence taken at the preliminary examination hearing. This record discloses the facts heretofore stated,

Defendant in support of his position that the tools were not admissible because of the claimed unlawful search and seizure cites the case of *People v. Carr* (1963), 370 Mich 251, and asserts it is applicable to the facts in the instant case. We cannot agree. In *Carr, supra,* defendant was stopped for operating his motor vehicle with a defective tail-light. The car was searched and found to contain a quantity of stolen property. He pled guilty to the possession of the stolen property, and was sentenced to 30 days in jail. Thereafter while he was *serving the 30 day jail sentence* a member of the State police searched the car and found a wrench that was later connected up with a larceny from a liquor store. The last search was held illegal. In the instant case, there was a felony warrant out for defendant's arrest. He attempted to evade arrest by fleeing. The search was contemporaneous with his arrest.

Defendant also cites the cases of *Preston* v. *United States* (1964), 376 US 364 (84 S Ct 881, 11 L Ed 2d 777), and *James* v. *Louisiana* (1965), 382 US 36 (86 S Ct 151, 15 L Ed 2d 30) in support of his claim of an unlawful search.

In *Preston, supra,* it is stated on pp 366, 367:

"Common sense dictates, of course, that questions involving searches of motorcars or other things readily moved cannot be treated as identical to questions arising out of searches of fixed structures like houses. For this reason, what may be an unreasonable search of a house may be reasonable in the case of a motorcar. See *Carroll* v. *United States* (1925), 267 US 132, 153 (45 S Ct 280, 285, 69 L Ed 543, 551). But even in the case of motorcars, the test still is, was the search unreasonable. Therefore we must inquire whether the facts of this case are such as to fall within any of the exceptions

to the constitutional rule that a search warrant must be had before a search may be made.

"It is argued that the search and seizure was justified as incidental to a lawful arrest. Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime. *Weeks* v. *United States* (1914), 232 US 383, 392 (34 S Ct 341, 344, 58 L Ed 652, 655, LRA1915B 834, 841) ; *Agnello* v. *United States* (1925), 269 US 20, 30 (46 S Ct 4, 5, 70 L Ed 145, 148, 51 ALR 409, 412). This right to search and seize without a search warrant extends to things under the accused's immediate control, *Carroll* v. *United States, supra,* 267 US at 158 (45 S Ct at 287, 69 L Ed at 553), and, to an extent depending on the circumstances of the case, to the place where he is arrested, *Agnello* v. *United States, supra,* 269 US at 30 (46 S Ct at 5, 70 L Ed at 148) ; *Marron* v. *United States* (1927), 275 US 192, 199 (48 S Ct 74, 77, 72 L Ed 231, 238) ; *United States* v. *Rabinowitz* (1950), 339 US 56, 61, 62 (70 S Ct 430, 433, 434, 94 L Ed 653, 657, 658). The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime—things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control."

In *James* v. *Louisiana, supra,* on p 37 it is stated:

"A search 'can be incident to an arrest only if it is substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest.' *Stoner* v. *California* (1964), 376 US 483, 486 (84 S Ct 889, 891, 11 L Ed 2d 856, 859). See also *Preston* v. *United States* (1964), 376 US 364 (84 S Ct 881, 11 L Ed 2d 777)."

In testing the search and seizure to determine if it was reasonable, we must look to the facts. A warrant had been issued for defendant and *3* other men. Those arrested were the defendant and *2* other men. One had not been accounted for and no one knew just where he was at the time. There was a definite need to prevent the possible destruction of the evidence, the fruits of the crime, and to prevent the firearms from being taken from the car by the one defendant not found in the process of arresting the other *3* named in the felony warrant. This rented car was in a place where it was public and open for an interested person to destroy the evidence or use it to threaten or harm the police. The police did not have exclusive control of the car.

We rule that the search and seizure under the facts in this case, was substantially contemporaneous with the arrest and reasonable. No error was committed in admitting the evidence in question.

2. *Did the trial court err in admitting evidence of identification of the check protector found in the car and purportedly taken in a burglary in Indiana?*

The check protector writer was positively identified by its owner by serial number and his signature plate appearing in the check writer. It was also the same check writer that was found in defendant's rented car. There was testimony that the owner's business establishment in Indiana had been burglarized a day or two before the search and seizure.

This evidence was properly admitted as bearing upon the defendant's motive or intent concerning the charge against him because in a prosecution for possession of burglary tools the people must establish that the tools are held with the intent to use them as burglary tools. CL 1948, § 768.27 (Stat Ann 1954 Rev § 28.1050) states as follows:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

Also see, Gillespie, Michigan Criminal Law & Procedure (2d ed), § 1171, and *People* v. *Donovan* (1921), 216 Mich 231, and cases cited therein. We find no error here.

3. *Was there prejudicial conduct on the part of the prosecuting attorney in the conduct of the case?*

Defendant complains of the prosecutor's examination of Neil Daily, a witness for the people, in the manner following:

"*Q.* For how long a period of time had you known or known of Danny Williams?

"*A.* Approximately the past three years.

"*Q.* Do you know where Danny Williams has lived during that period of time?

"*A.* I know where the parents lived. Part of the time the son lived with them, and I know where he has resided, also.

"*Q.* Now, as I indicated in my questions to the jury on *voir dire,* a person's character is what a person is. A person's reputation is what they are thought to be.

"*Mr. Schillinger:* Your Honor, if the purpose of this examination is going to be to examine into the defendant's character—

"*Mr. Hammond:* I don't even know if he can testify to that, your Honor.

*"The Court:* I think you have gone far enough. I will sustain the objection."

We agree that the objected to and quoted testimony would have been better left unsaid. We conclude, however, in view of the sustained objection before an answer was given that it does not constitute prejudicial error.

There were other questions by the prosecutor of which the defendant complains. After a careful review we do not deem them important enough to repeat here.

Affirmed.