Dominic **COLOSIMO**, Petitioner-Appellant,

v.

E. P. **PERINI**, Superintendent, Marion Correctional Institution, Respondent-Appellee.

No. 18832.

United States Court of Appeals Sixth Circuit.

Sept. 17, 1969.

Rod R. Mastandrea, Cleveland Heights, Ohio, on the brief, for appellant.

Leo J. Conway, Columbus, Ohio (William B. Saxbe, Atty. Gen. of Ohio, Columbus, Ohio, on the brief), for appellee.

Before O'SULLIVAN, PHILLIPS and EDWARDS, Circuit Judges.

O'SULLIVAN, Circuit Judge:

This is an appeal from District Court denial of appellant's petition for habeas corpus relief. Petitioner had been convicted in an Ohio state court of possession of burglar tools and breaking and entering automobiles in the parking lot of the Cleveland, Ohio, airport. He claims to have been unconstitutionally dealt with by the State of Ohio.

Petitioner says first that he was prejudiced when, to support his prosecu-

tion as a second offender, the prosecuting attorney brought his earlier conviction of crime to the attention of the jury. In Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), the Supreme Court held that such practice by a state court does not offend the Federal Constitution. At the time of trial the law of Ohio did not forbid the practice.

Secondly, Colosimo avers that evidence used to convict him was obtained by a search violative of his Fourth Amendment rights. Occupants of a control tower at the Cleveland airport observed conduct of Colosimo which made it quite clear that he and another were engaged in the business of stealing from cars parked at the airport. Notified of this conduct, police officers had sufficient probable cause to arrest the petitioner and his associate. The suspected thieves were using a Pontiac automobile from the trunk of which incriminating evidence was seized by the arresting officers. The search conducted was not immediately contemporaneous with the arrest. After petitioner and his codefendant had been taken to the police station by the arresting officers, a key was discovered in the rear seat of the police car. When the petitioner and his codefendant denied having any knowledge of the key, one of the arresting officers, without first obtaining a search warrant, returned to the airport parking lot. The Pontiac automobile had in the meantime been kept in the custody of a police officer. After ascertaining that the number on the key that had been recovered from the police car matched the Pontiac trunk lock, the officers opened the trunk and seized the evidence complained of.

█ Preliminarily, and obedient to Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), we note that the petitioner, having been charged with possession of burglar tools, is a "person aggrieved" by the search of the automobile and had standing to object to the search. See also Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

The District Judge concluded that the search was lawful as being reasonably contemporaneous with the arrest. He relied on United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950), as did this Court in United States v. Smith, 6 Cir., 393 F.2d 687, 689 (1968), in Crawford v. Bannan, 6 Cir., 336 F.2d 505, 507 (1964), cert. denied, 381 U.S. 955, 85 S.Ct. 1807, 14 L.Ed.2d 727, and in Arwine v. Bannan, 6 Cir., 346 F.2d 458, 466 (1965), cert. denied, 382 U.S. 882, 86 S.Ct. 175, 15 L.Ed.2d 123. The facts of Crawford v. Bannan, *supra,* fit most closely those before us. There, upon probable cause, the defendant was arrested and taken away to the police station. Thereafter, and *still at the scene* of the arrest, the defendant's vehicle was searched. Such was true here—the search of the vehicle was made *at the scene,* but after petitioner was taken away. In *Crawford* as well as *Arwine,* we distinguished Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), on the ground that in *Preston* the vehicle had been taken from the scene before the search was made. In *Crawford,* we held—believing that *Rabinowitz* justified such a holding—that the fact that at the time of the search there was no danger of harm to the officers or loss of evidence of the crime, was not of controlling importance if the search was "reasonably contemporaneous" with the arrest. There, as here, the officers had time to seek a search warrant while they kept control of the vehicle.

█ We are now of the view, however, that since we made those decisions, and since the District Judge's ruling here, further illumination of the *Preston* decision by the Supreme Court in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), requires a different result. In a case as this where there was sufficient opportunity to procure a search warrant after the defendant was arrested and taken to the police station and while the automobile to be searched remained in police custody, the search of an automobile without

a warrant, away from defendant's person, cannot stand Fourth Amendment attack.

In Preston v. United States, 376 U.S. 364, 84 S.Ct. 881 (1964), a case in which the defendants' vehicle had been towed to a garage and, soon after the defendants had been booked, searched by the police without a warrant, the Court held:

"The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime— things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control. But these justifications are absent where a search is remote in time or place from the arrest. Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest." 376 U.S. at 367, 84 S.Ct. at 883.

With the person, or persons, suspected of crime and the automobile to be searched both in police custody, the precipitous action of a warrantless search is no longer justified. It is true that in *Preston* the vehicle was searched at a point away from the scene of arrest, while here the vehicle remained at the place where the defendant was arrested. *Chimel*, however, persuades us that such factual distinction is not of controlling importance. We believe that *Chimel* instructs us that the rule of *Preston*, decided prior to the trial here involved, is the law that controls this case. Therefore, we need not consider whether *Chimel* is to be given retrospective effect. The evidence seized should have been suppressed.

The judgment of the District Court is vacated and the case remanded, with instructions to grant the writ to be effective in 45 days unless Ohio has filed a petition for certiorari with the Supreme Court, or has indicated its intention of retrying appellant.