Roosevelt Leroy BROWN, Jerry Willis Harris, James E. Mason, Jr., and Richard A. Williams, Defendants Below, Appellants,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Dec. 10, 1969.

Richard E. Poole, Wilmington, for appellant James E. Mason, Jr.

Joseph A. Julian, Jr., Wilmington, for appellant Richard A. Williams.

Bernard Balick, Asst. Public Defender, for appellants Roosevelt L. Brown and Jerry W. Harris.

Fletcher E. Campbell, Jr., Deputy Atty. Gen., for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

This appeal from Superior Court raises the question of whether a search of the trunk of one appellant's car was reasonable, when made without a warrant several hours after his arrest.

The appellants, Roosevelt Leroy Brown, Jerry Willis Harris, James E. Mason, Jr., and Richard A. Williams, were found guilty by a jury of robbery and conspiracy to rob. On the night of December 21, 1967, an attempt was made to commit robbery at a motel just south of Wilmington. The attempt failed. Shortly thereafter, there was a robbery at a store in Oakmont, which is very near the City of New Castle. The robbers were armed with pistols. Two or more persons took part in the crime and some of them wore ladies' stockings over their heads as masks. One of them had a goatee. One or more wore dark leather-type jackets. Witnesses stated that the robbers had departed in a black Buick or Oldsmobile, which had only one headlight working. Information given the police indicated that the attempted robbery at the motel and the robbery at Oakmont were committed by the same persons.

A description of the culprits and the car was broadcast over the state police radio system very shortly after the robbery took place. Soon thereafter, a New Castle city

policeman saw a car answering the description. The driver was alone on the front seat, and three men were in the back seat crouching down as if to avoid detection. The officer stopped the car and called the state police.

The officers found that the individuals in the car, who were these appellants, fitted the descriptions which had been given them. The police searched their pockets immediately, and found some .22 calibre bullets in two of the appellants' pockets. The police then looked into the interior of the car and observed a lady's stocking on the front seat and a pistol which was partly under the front seat. They searched the car and found a paper bag containing several .22 calibre bullets and two loaded .22 calibre pistols in the glove compartment, as well as some paper money under the back seat. They also found some coins on the ground where the appellants had been standing prior to the search of their clothing.

The appellants were taken to a police station and the car was taken to the police barracks. The next morning, the officers ascertained that the car was registered in the name of one of the appellants and accordingly decided to "confiscate" it as a vehicle used in the commission of a felony or in fleeing from the scene of a felony, pursuant to T. 11 Del.C. § 2322. Without a search warrant, an officer then took an inventory of the contents of the car, including certain items which he discovered in the trunk. Among other items therein were another bullet, additional paper money and change, and another lady's stocking. These items were admitted into evidence at the trial, over objection by appellants' counsel. The Court below held that the evidence seized at the time of the arrest was admissible since it was the result of a search and seizure incidental to a lawful arrest. It also admitted into evidence the items found the following morning on two theories: (1) the search made at that time was an extension of the search started the previous night; and (2) the later search was justifiable police procedure in connection with confiscated property.

The only question raised before this Court is the admissibility of the items found in the trunk on the morning after the arrest. It is here contended that seizure of that property was unreasonable under both the Delaware and the Federal Constitutions, in that the search was made without a search warrant, several hours after the arrest, and at a time when the warrant could easily have been sought. Reliance is placed upon Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777.

The State contends that the admission of the evidence obtained during the search of the trunk was harmless and does not justify a reversal, even if it be conceded that the search was unreasonable. The State may be correct in this view, because the additional evidence then found was merely cumulative, i. e., its admission brought to the jury's attention two ladies' stockings instead of one, another bullet, and a somewhat larger amount of money. We do not rule upon this contention because, in our opinion, the search in this case was justified and reasonable.

It is our view that the point raised here is answered by Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730. In Cooper, the car had been seized by police pursuant to a California statute directing police officers to seize any vehicle used in connection with illegal transportation or sale of narcotics, such vehicle "to be held as evidence until a forfeiture has been declared or a release ordered." In Delaware, T. 11 Del.C. § 2322 likewise directs any police officer having knowledge of the facts to seize and take into custody any vehicle which has been used in "the commission of any felony * * * or in * * * the flight or escape of any person who has committed any felony * * *" for condemnation and forfeiture under T. 11 Del. C. § 2323. The undisputed testimony at the trial showed that the police took this car into custody under and by virtue of

these statutes, after ascertaining that it was registered in the name of one of the appellants. The search of the trunk was not made until that determination had been made. Certainly the officers had ample reason to believe a serious felony had been committed, and that this car had been used in connection with the robbery, or in fleeing therefrom, by the persons who committed that felony.

Appellants contend, however, that the California statute involved in *Cooper, supra,* differs from ours in that it provides that the vehicle shall be held as evidence until a forfeiture has been declared or a release ordered, while the Delaware statute contains no such provision. Our Act (T. 11 Del.C. § 2323) provides a procedure for the Attorney General to file a libel for the condemnation and forfeiture of the vehicle to the State, after notice to all parties in interest. While the statute does not expressly say that the vehicle shall be held "as evidence," there is nothing in it which prohibits the State from retaining it "as evidence" in the felony case if it may be pertinent to any issue therein. In the present instance, admission of the automobile itself into evidence might have been a desirable or even necessary part of the State's case.

In the light of these facts, it seems clear to us that the *Cooper* case controls, and that the search of the trunk was reasonable and was not in violation of the Federal or State Constitutions.

In ruling on this point, we have not ignored Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, in which the United States Supreme Court overruled United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653, and Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399. In the first place, *Chimel* says nothing whatever about the search of property which has been seized for confiscation or as evidence in a case. In the second place, the overruling of *Rabinowitz* and *Harris* was based upon rea-

sons which do not necessarily disagree with anything said in *Cooper.* We conceive no convincing reason for believing that *Chimel* was intended to overrule *Cooper.* We say this despite the remarks in Colosimo v. Perini (C.A. 6), 415 F.2d 804, which apparently does not deal with search of a "confiscated" vehicle held as possible evidence in a trial against the owner.

We are satisfied that T. 11 Del.C. § 2303 (cited by appellants) has no bearing on the case. It lays down certain rules pertaining to searches without warrants. Nothing therein bars the examination or search of property legally seized, in the possession of the police and held for purposes of confiscation or use as evidence. In view of the foregoing, we do not need to consider the theory that the search was a continuation of the one commenced at the scene of the arrest.

Affirmed.