467 P.2d 730

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Jimmy REYES, Defendant-Appellant.**

**No. 8832.**

Supreme Court of New Mexico.

March 30, 1970.

See also 79 N.M. 632, 447 P.2d 512.

Chester A. Hunker, Clovis, for defendant-appellant.

James A. Maloney, Atty. Gen., Ethan K. Stevens, Mark B. Thompson, III (on rehearing), Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## ON REHEARING

PER CURIAM:

Upon consideration of the Motion for Rehearing, the opinion formerly filed ·is withdrawn and the following substituted in lieu thereof:

## OPINION

WATSON, Justice.

In the early morning hours of March 28, 1965, the owner of a drive-in theater in Clovis, New Mexico, was robbed at gun point of his cash receipts by two men with stockings over their faces. The victim was bound by a rope and placed in the rear seat of his automobile. He could not recognize the two men. Shortly thereafter the robbery was reported, and the police stopped a white Cadillac automobile which was being driven by the defendant in a suspicious manner in the vicinity of the robbery. The defendant and the other occupant were arrested for armed robbery and searched. While one officer remained near the Cadillac automobile the other officers took the prisoners to the drive-in

theater and later to the city hall. At the city hall the police captain was given the rope used to tie up the victim, and he went to the Cadillac automobile, which was then being searched by the other police officers. He arrived there 20 to 25 minutes after the prisoners were arrested.

Two pieces of rope were found—one in the unlocked trunk of the automobile and one in the righthand pocket of a fatigue jacket which was also in the trunk of the automobile. The two pieces of rope were identified as being identical with the rope which bound the victim. No search warrant was sought or obtained.

Appellant was convicted for armed robbery, and on his appeal claims error in the admission into evidence of the rope found in the car. Appellant relies on Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), and claims the search was not incidental to the arrest. The State would distinguish Preston, supra, by pointing out that there the search was not made at the point of arrest but after the defendant and two companions had been booked and their car had been towed to a garage.

On June 23, 1969, the Supreme Court of the United States in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, interpreted Preston, supra, as holding that a warrantless search which goes beyond *an area within the immediate control* of the accused and within which he might obtain a weapon or destroy evidence was not justified. It noted an exception to this rule, relating to vehicles which could be quickly moved, and cited Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), and Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949), for this exception.

Prior to the Supreme Court's advice in Chimel, supra, as to what Preston, supra, actually held, Preston had not been interpreted as so limited, but had been construed as permitting other tests for justifying warrantless searches. In Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856, decided the same day (March 23, 1964) as Preston, supra, the opinion does not comment on the "area of immediate control" in reversing the court which had held that the search was justified as an incident to a lawful arrest. On the contrary the Supreme Court said:

> "But a search can be incident to an arrest only if it is *substantially contemporaneous* with the arrest and is confined to the immediate vicinity of the arrest. Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, [51 A.L.R. 409]. Whatever room for leeway there may be in these concepts, it is clear that the search of the petitioner's hotel room in Pomona, California, on October 27 was not incident to his arrest in Las Vegas, Nevada, on October 29. The search was completely unrelated to the arrest, both as to time and as to place. See Preston v. United States, decided this day, 376 U.S. 364, 84 S.Ct. 881 [11 L.Ed.2d 777]." (Emphasis added.)

A review of the post-Preston federal and state decisions on the subject set out in People v. Webb, 66 Cal.2d 107, 56 Cal.Rptr. 902, 424 P.2d 342 (1967), and in the annotation following this exhaustive opinion at 19 A.L.R.3rd 727 (1968) indicates that Preston, supra, was not generally construed as it was in Chimel, supra. More recent post-Preston and pre-Chimel cases also make the test of reasonableness as required by the Fourth Amendment to the Federal Constitution, one of whether the search was incidental to the arrest and this only if it was substantially contemporaneous with the arrest and confined to the immediate vicinity of the arrest. People v. Williams, 16 Mich.App. 557, 168 N.W.2d 410 (1969); Gaston v. State, 457 P.2d 807 (Okl.Cr. 1969); and our own Court of Appeals in State v. Everitt, 80 N.M. 41, 450 P.2d 927 (1969), and in State v. Perez, 79 N.M. 417, 444 P.2d 602 (1968).

Here the crime was committed over four years prior to the decision in Chimel, supra. If the Chimel interpretation of the holding in Preston, supra, is applicable

**406**

here, then it would seem that there could be little question but that the warrantless search was not proper. (We note from State v. Moore, 256 A.2d 197 [R.I.1969], decided after Chimel, that this does not always follow.) As of this date the Supreme Court of the United States has not ruled on the retrospective effect of Chimel. Von Cleef v. New Jersey, 395 U.S. 814, 89 S.Ct. 2051, 23 L.Ed.2d 728 (1969), and Shipley v. California, 395 U.S. 818, 89 S.Ct. 2053, 23 L.Ed.2d 732 (1969).

In Colosimo v. Perini, 415 F.2d 804 (6th Cir. 1969), a case factually similar to the one here, the Sixth Circuit abandoned its post-Preston rulings in both Crawford v. Bannan, 336 F.2d 505 (6th Cir. 1964), cert. denied 381 U.S. 955, 85 S.Ct. 1807, 14 L. Ed.2d 727 (1965), and Arwine v. Bannan, 346 F.2d 458 (6th Cir. 1965), cert. denied 382 U.S. 882, 86 S.Ct. 175, 15 L.Ed.2d 123 (1965), and said:

"We believe that *Chimel* instructs us that the rule of *Preston*, decided prior to the trial here involved, is the law that controls this case. Therefore, we need not consider whether *Chimel* is to be given retrospective effect. The evidence seized should have been suppressed." (Emphasis supplied.)

The Second Circuit Court of Appeals, however, felt otherwise. There in United States v. Bennett, 415 F.2d 1113 (2nd Cir. 1969), cert. denied 396 U.S. 852, 90 S.Ct. 113, 24 L.Ed.2d 101 (1969), the court held that under the rules for determining retroactive application of new standards as set forth in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969), the Chimel holding would only apply to searches which occurred after the date of the decision in that case. See also State v. Carter, 54 N.J. 436, 255 A.2d 746 (1969), and Scott v. State, 7 Md.App. 505, 256 A.2d 384 (1969).

In Scott, supra, the Maryland court held that the Chimel rule is applicable "only to cases in which the prosecution seeks to introduce the fruits of a search conducted after 23 June 1969" (the date of the Chimel decision), and that the search in the case before it "was reasonable under the pre-Chimel rules" and the evidence admissible.

We are convinced, as was the Maryland court and the Federal court in Bennett, supra, that the Supreme Court in Chimel recognized it was announcing a constitutional rule which was a complete break from the past. See Shipley v. California, supra. We conclude it has prospective application only. (Compare State v. Miller, 76 N.M. 62, 412 P.2d 240 [1966], where we applied a newly announced constitutional rule no further than to cases pending on direct appeal on the date of the decision.)

■ We must now decide whether the trial court here erred in receiving the evidence under the law as announced by Preston, supra, as it was interpreted prior to Chimel, supra.

In Preston, supra, two men were arrested for vagrancy, and after they were booked on this charge and their car was driven to the police station and then towed to a garage, it was searched by entering the trunk through the back seat. There sufficient evidence was found to identify the men with a bank robbery. It is evident that the search was remote in time and place. Furthermore, such search was not connected in any way with the crime for which they were arrested, since there are no "fruits or implements" of the crime of vagrancy.

A review of the post-Preston decisions cited and referred to above indicates that in only one respect could there be any doubt as to whether the search here involved was so incidental to the arrest as to be reasonable under the Fourth Amendment to the United States Constitution. It was certainly made in the vicinity of the arrest, but was it substantially contemporaneous with the arrest? In People v. Williams, supra, the arrested men had been taken to the police station, and the officers returned and searched the car. The Michi-

gan court held this reasonable. In People v. Webb, supra, and in State v. Carter, supra, there was evidence of crowds gathering which required a quick search or removal of the automobile before search. In those cases the searches were held reasonable although made some 15 or 20 minutes after the arrest and out of the presence of the accused. In Crawford v. Bannan, supra, the accused was arrested first and taken to the police station before his car was searched. In none of these cases was the search held so remote in time to the arrest as to be unreasonable.

In State v. Perez, supra, where the weapon and the stolen property were seen in the car before it was towed to the police station and searched, Judge Wood, in distinguishing Preston, supra, points to the review of cases in People v. Webb, supra, and particularly Price v. United States, 121 App.D.C. 62, 348 F.2d 68 (1965), cert. denied, 382 U.S. 888, 86 S.Ct. 170, 15 L.Ed.2d 125 (1965), and says:

> "The post-Preston decisions have emphasized the question of the reasonableness of the search. With the emphasis on 'reasonableness', Preston has frequently been held inapplicable because of the circumstances involved in the particular case."

In State v. Everitt, supra, the arresting officers, as here, were faced with the problem of keeping the arrested men in custody and continuing their investigation. There, the vehicle, later searched, was out of police surveillance for about ten minutes. Here, it was under police surveillance at all times after the arrest. In Everitt, supra, our Court of Appeals again cited Preston, supra, and our own case of State v. Aull, 78 N.M. 607, 435 P.2d 437 (1967); together with Crawford v. Bannan, supra, and held that the fact that the defendant was not present at the search, which was made "later the same morning," did not make the search unreasonable under the rule in Preston on the basis of the facts in that case.

Since the fact situation in Preston was far different from the facts here, and since we believe that under the pre-Chimel law the search here was substantially contemporaneous with the arrest so as to be reasonable under the facts here, we hold that there was no violation of the accused's constitutional rights in the admission of the pieces of rope that tied his victim.

The judgment is affirmed.

It is so ordered.

MOISE, C. J., and COMPTON and TACKETT, JJ., concur.