**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Kenneth Alvin ROBBINS, Defendant-
Appellant.**

**No. 19537.**

United States Court of Appeals,
Sixth Circuit.

April 10, 1970.

McCree, Circuit Judge, dissented.

Robert E. Rose (Court Appointed), Memphis, Tenn., for appellant.

William A. McTighe, Jr., Asst. U. S. Atty., Memphis, Tenn., Thomas F. Turley, Jr., U. S. Atty., Memphis, Tenn., on the brief, for appellee.

Before McCREE, COMBS, and BROOKS,* Circuit Judges.

COMBS, Circuit Judge.

This appeal from a judgment of conviction of possession of counterfeit money presents three issues: the legality of appellant's arrest; the legality of the search which produced the counterfeit money; and the legality of appellant's detention before arraignment. We find no violation of appellant's constitutional rights on any of these issues.

 Appellant and three companions, a woman and two men, registered and obtained two rooms at a motel in Memphis, Tennessee. They aroused the suspicion of the manager when they charged an unusually expensive breakfast to a Gulf Oil Company credit card. On further investigation, it appeared that appellant and his companions had given incorrect license numbers when they registered. The manager then communicated with the issuing company and learned that the credit card, a loaded pistol, and other items of personal property had recently been stolen from a Memphis resident by three men and two girls.

Local police officers were summoned and entered the rooms occupied by appellant and his companions by use of a passkey when permissive entrance was refused. The four occupants were arrested and the rooms were searched. Among the articles found were some suitcases in the room occupied by appellant. A hurried search was made of the suitcases, one of which contained pistols and other items. The officers took the arrested persons and the seized articles, including the suitcases, to the police station so that the persons in custody could make telephone calls within an hour of arrest as required by local practice.

A second search of one of the suitcases at the police station produced counterfeit $20 bills stuffed inside a man's glove. These had not been found when the suitcase was searched at the motel. United States Secret Service agents were notified and appellant was indicted, tried, and convicted of possessing the bills.

A motion to suppress this evidence was timely filed. After a hearing which developed the foregoing facts, the district judge found that the officers had probable cause to make the warrantless arrests and that the search of the immediate premises for weapons and evidence of the crime was a lawful incident thereof. He also found that appellant's pre-arraignment detention was not in violation of Rule 5 of the Federal Rules of Criminal Procedure and that the *Miranda* requirements had been observed. We agree with the conclusions of the district judge with reference to the arrest, the search at the motel, and the Rule 5 and *Miranda* dispositions.

The district judge failed to determine whether the subsequent search of the suitcase at the police station, where the incriminating evidence was found, was permissible without a warrant. Neither party discussed this issue in briefs but, in a supplemental filing invited by the Court, appellee referred to Colosimo v. Perini, 415 F.2d 804 (6th Cir. 1969).

In *Colosimo*, police officers, possessed of probable cause that the defendant and others were engaged in stealing from cars parked at an airport, arrested them and took them to the police station. At the station, a key was discovered in the rear seat of the police car used to transport them, but they denied any knowledge of the key. One of the arresting officers, without first obtaining a warrant, returned to the airport parking lot where an automobile which the suspected thieves had been using had been left in the custody of a policeman. The key was used to open the trunk lock and in-

---

* The Honorable Henry L. Brooks, then Chief Judge of the United States District Court for the Western District of Kentucky, sat on this case by designation.

criminating evidence was seized. The district judge regarded this search as reasonably contemporaneous with the arrest at the airport and upheld it on this ground.

On appeal, this Court held that the search violated the Fourth Amendment. At pages 805 and 806, we said:

"In a case as this where there was sufficient opportunity to procure a search warrant after the defendant was arrested and taken to the police station and while the automoile to be searched remained in police custody, the search of an automobile without a warrant, away from defendant's person, cannot stand Fourth Amendment attack.

\* \* \* \* \* \*

"With the person, or persons, suspected of crime and the automobile to be searched both in police custody, the precipitous action of a warrantless search is no longer justified. It is true that in *Preston* the vehicle was searched at a point away from the scene of arrest, while here the vehicle remained at the place where the defendant was arrested. *Chimel*, however, persuades us that such factual distinction is not of controlling importance. We believe that *Chimel* instructs us that the rule of *Preston*, decided prior to the trial here involved, is the law that controls this case. Therefore, we need not consider whether *Chimel* is to be given retrospective effect. The evidence seized should have been suppressed."

We think *Colosimo* is distinguishable. In that case, it is not clear from the opinion or the record to what extent the passenger compartment of the automobile was searched at the time of the arrest. It is clear, however, that the trunk of the automobile was not searched at that time and it was a later warrantless search of the trunk which the Court condemned.

Here, the second examination of the *suitcase can fairly be considered a* continuation of the first search which admittedly was valid and which was interrupted in order to permit the arrested persons to make a telephone call. Moreover, since the owners of the suitcases were being held in custody, it was the duty of the officers to make an inventory of the contents of the suitcases. Whether the second examination is considered as a continuation of the first search or the taking of an inventory, it was not prohibited by the rule of Preston v. United States, 376 U.S. 364, 84 S. Ct. 881, 11 L.Ed.2d 777 (1964), or Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). See People of State of New York ex rel. Muhammad v. Mancusi, 301 F.Supp. 1100 (S.D.N.Y.1969).

The judgment is affirmed.

McCREE, Circuit Judge (dissenting).

The majority opinion affirms the District Judge's holding that the search conducted at the motel was incident to a lawful arrest and therefore valid. It then concludes that the subsequent search of the suitcase at the police station, which produced the incriminating evidence, was also valid, either because it was a continuation of the first search or because it was an incident of the police department's inventory procedure.

Initially, I question the validity of the first search at the motel. The rule which permits police officers to conduct a warrantless search incident to a valid arrest is based on "the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as \* \* \* the need to prevent the destruction of evidence of the crime \* \* \*." Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 883, 11 L.Ed.2d 777 (1964). In the instant case, the District Judge found that the four occupants of the motel rooms "were in handcuffs" at the time the officers commenced the search of the premises. Accordingly, it is doubtful that the contents of the suitcases could have been used to harm the officers or to effectuate an escape or that the evidence in the suitcases could have been

destroyed. See Chimel v. California, 395 U.S. 752, 762–763, 89 S.Ct. 2034, 23 L. Ed.2d 685 (1969).

However, even if one assumes the search at the motel was valid, the majority opinion's holding that the subsequent search at the police station is also valid is untenable. The proposition that this subsequent search can be considered a continuation of the first search completely ignores the Supreme Court's express limitation that "a search can be incident to an arrest *only* if it ·is *substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest.*" Stoner v. California, 376 U.S. 483, 486, 84 S.Ct. 889, 891, 11 L.Ed.2d 856 (1964) (emphasis added). *Accord,* James v. Louisiana, 382 U.S. 36, 37, 86 S.Ct. 151, 15 L.Ed.2d 30 (1965). Further, the Court has stated that, "Once an accused is under arrest and in custody, then a search made *at another place * * * is simply not incident to the arrest.*" (emphasis added). Preston v. United States, *supra,* 376 U.S. at 367, 84 S.Ct. at 883. *Accord,* Colosimo v. Perini, 415 F.2d 804 (6th Cir. 1969) ; United States v. Cain, 332 F.2d 999 (6th Cir. 1964).

Here, the warrantless search conducted at the police station was neither "substantially contemporaneous with the arrest", nor was it "confined to the immediate vicinity of the arrest." It was a search conducted at another time and "at another place", and the aforementioned justifications for permitting warrantless searches did not exist. Accordingly, the officers should have obtained a search warrant before again exploring the contents of the suitcases.

The majority opinion's alternative suggestion that the search at the police station was lawful because it was related to the police department's inventory procedure is indefensible on the facts of this case. The government has not denied that this second examination of the suitcases was for the purpose of discovering fruits of the crime appellant was suspected of committing, and not for the purpose of inventorying the contents of ·

the suitcases. Moreover, it is questionable whether examining a glove for its contents can be considered a legitimate aspect of an inventory procedure. Such close scrutiny of the contents of the suitcase necessarily would seem to come within the definition of a search.

Since the examination of the glove was a search within the meaning of the Fourth Amendment, the requirement that "the police *must,* whenever practicable, obtain advance judicial approval of searches and seizures through the warrant procedure," Terry v. Ohio, 392 U.S. 1, 20, 88 S.Ct. 1868, 1879, 20 L.Ed. 2d 889 (1968) (emphasis added), was applicable. As the Fifth Circuit has observed,

> The fact that the police have custody of a prisoner's property for the purpose of protecting it while he is incarcerated does not alone constitute a basis for an exception to the requirement of a search warrant. Brett v. United States, 412 F.2d 401, 406 (5th Cir. 1969).

I would hold that the warrantless search of the suitcase at the police station was contrary to express holdings of the Supreme Court and was therefore invalid. I would reverse appellant's conviction.