UNITED STATES of America, Plaintiff-Appellee,

v.

Henry Wayne FRIESEN, Defendant-Appellant.

No. 75–1799.

United States Court of Appeals, Ninth Circuit.

Nov. 12, 1976.

---

1. "A drunken man is as much entitled to a safe street, as a sober one, and much more in need of it." *Robinson v. Pioche, Bayerque & Co.*, 1855, 5 Cal. 460, 461.

Thomas Schneiger (argued), Portland, Ore., for defendant-appellant.

Bill Youngman, Asst. U. S. Atty. (argued), Portland, Ore., for plaintiff-appellee.

Before HUFSTEDLER and CHOY, Circuit Judges, and REAL,* District Judge.

REAL, District Judge:

Appellant was arrested by Oregon State Police upon an outstanding arrest warrant. After his arrest he was permitted to gather his belongings from his motel room into two suitcases. Appellant and his luggage were then transported to the police station where his personal property—including the property in his suitcases—was inventoried.[1]

Appellant was tried and convicted of interstate transportation of a stolen aircraft. He complains of the failure of the trial court to suppress those items used as evidence which were obtained as a result of the inventory of his suitcases.

The United States Supreme Court has not directly addressed the issue. Obliquely, the case of *Cooper v. California,* 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1966), upheld the search without a warrant of an auto being held pending a civil forfeiture action. In preserving its position in *Preston v. United States,* 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1914), the Court does say:

> We made it clear in *Preston* that whether a search and seizure is unreasonable within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case and pointed out, in particular, that searches of cars that are constantly movable may make the search of a car without a warrant a reasonable one although the result might be the opposite in a search of a home, a store, or other fixed piece of property.

386 U.S. at 59, 87 S.Ct. at 790.

What appears clear from reading *Cooper* (supra) and *Preston* (supra) is that searches are to be measured for their reasonableness on the factual context in which the trier of fact must apply Fourth Amendment protections.

More recently the Supreme Court considered and approved inventory searches of seized automobiles. *South Dakota v. Opperman,* —— U.S. ——, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). *Opperman* (supra) is dispositive.

Where property is validly held by law enforcement officers for which they

---

* Honorable Manuel L. Real, United States District Judge, Central District of California, sitting by designation.

1. The trial court found that the contents of the suitcases were inventoried at the police station pursuant to proper police procedures. This finding is supported by the evidence and will not be disturbed on this appeal.

may have responsibility, it seems a useless gesture, whether it be an automobile or a suitcase, to require a search warrant to effect an inventory of the property. See *Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *United States v. Gravitt,* 484 F.2d 375 (5th Cir. 1974); *United States v. Mitchell,* 458 F.2d 960 (9th Cir. 1972); *United States v. Lipscomb,* 435 F.2d 795 (5th Cir. 1970); *United States v. Robbins,* 424 F.2d 57 (6th Cir. 1970); *United States v. Blackburn,* 389 F.2d 93 (6th Cir. 1968).

Appellant's other contentions on this appeal are without merit.

The judgment is affirmed.

HUFSTEDLER, Circuit Judge (concurring specially).

I concur in the result following the teaching of *South Dakota v. Opperman* (1976) —— U.S. ——, 96 S.Ct. 3092, 49 L.Ed.2d 1000.