SHIPLEY *v.* CALIFORNIA.

No. 540, Misc.  Decided June 23, 1969.

*Kate Whyner* for petitioner.

*Thomas C. Lynch,* Attorney General of California, *William E. James,* Assistant Attorney General, and *Marvin A. Bauer,* Deputy Attorney General, for respondent.

PER CURIAM.

The petitioner was convicted in California of robbery in the first degree, and the conviction was affirmed by the Court of Appeal, Second Appellate District.  The California Supreme Court denied review.  The petitioner seeks reversal of the judgment below on the ground that evidence introduced at his trial was seized in viola-

tion of the Fourth and Fourteenth Amendments to the United States Constitution. Since we agree with the petitioner that the evidence was taken in the course of an unconstitutional search of his home, the judgment of the California Court of Appeal must be reversed. *Mapp* v. *Ohio,* 367 U. S. 643.

Informed that the petitioner had been involved in a robbery, police officers went to his residence. The petitioner was not at home, but a 15-year-old girl who identified herself as the petitioner's wife allowed the officers to enter and search her belongings. When several rings taken by the robbers were found, the officers "staked out" the house and awaited the petitioner's return. Upon his arrival late that night, he was immediately arrested as he alighted from his car. The officers searched the petitioner and the car, and then again entered and searched the house, where they discovered under a couch a jewelry case stolen in the robbery. The car was parked outside the house and 15 or 20 feet away from it, and the officers did not request permission to conduct the second search of the house. No warrant was ever obtained. The trial court nevertheless upheld the second search on the ground that it was incident to the petitioner's arrest, and the Court of Appeal agreed, holding that the area searched was "under the [petitioner's] effective control" at the time of the arrest.

Under our decision today in *Chimel* v. *California, ante,* p. 752, the search clearly exceeded Fourth Amendment limitations on searches incident to arrest. But even if *Chimel* were to have no retroactive application—a question which we reserve for a case which requires its resolution—there is no precedent of this Court that justifies the search in this case. The Court has consistently held that a search "can be incident to an arrest only if it is substantially contemporaneous with the arrest and is confined to the *immediate* vicinity of the arrest."

*Stoner* v. *California,* 376 U. S. 483, 486. (Emphasis supplied.) At the very most, police officers have been permitted to search a four-room apartment in which the arrest took place. *Harris* v. *United States,* 331 U. S. 145. See also *United States* v. *Rabinowitz,* 339 U. S. 56. But the Constitution has never been construed by this Court to allow the police, in the absence of an emergency, to arrest a person *outside* his home and then take him inside for the purpose of conducting a warrantless search. On the contrary, "it has always been assumed that one's house cannot lawfully be searched without a search warrant, except as an incident to a lawful arrest *therein.*" *Agnello* v. *United States,* 269 U. S. 20, 32. (Emphasis supplied.) And in *James* v. *Louisiana,* 382 U. S. 36, the Court held that the search of the petitioner's home after his arrest on the street two blocks away "cannot be regarded as incident to his arrest." *Id.,* at 37. Since the thorough search of the petitioner's home extended without reasonable justification beyond the place in which he was arrested, it cannot be upheld under the Fourth and Fourteenth Amendments as incident to his arrest.*

Accordingly, the motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted, the judgment is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*

MR. JUSTICE BLACK concurs in granting certiorari but dissents from the reversal and remand of the judgment without a hearing.

---

*Because of our disposition of the case on this ground, we find it unnecessary to consider the contentions of the petitioner that his "wife" did not voluntarily consent to the first search, and that the officers lacked probable cause to arrest the petitioner.

MR. JUSTICE WHITE, dissenting.

I found inexplicable the Court's acceptance of the warrantless arrest in *Chimel* v. *California, ante,* p. 752, while at the same time holding the contemporaneous search invalid without considering the exigencies created by the arrest itself. See *id.,* p. 770 (dissenting opinion). Even more mystifying are the opinions and the orders issued in the instant case and six others which have been held pending the decision in *Chimel:* No. 837, *Von Cleef* v. *New Jersey, ante,* p. 814; No. 1097, Misc., *Harris* v. *Illinois, post,* p. 985; No. 1037, Misc., *Mahoney* v. *LaVallee, post,* p. 985; No. 500, *Schmear* v. *Gagnon, post,* p. 978; No. 550, Misc., *Jamison* v. *United States, post,* p. 986; and No. 395, Misc., *Chrisman* v. *California, post,* p. 985. I fear that the summary dispositions in these cases, which strain so hard to avoid deciding the retroactivity of *Chimel,* will only magnify the confusion in this important area of the law.

It is particularly hard to square the Court's summary reversal of Shipley's conviction, which invalidates a warrantless search of a house where the arrest was made in a detached garage, with the denials of certiorari in *Harris* and *Mahoney.* In *Harris,* the arrest occurred in the lobby of a four-story apartment building; the ensuing search without a warrant involved an apartment on an upper floor. The chronology was reversed in *Mahoney* where petitioner was arrested in his apartment, but the accompanying search uncovered a gun in the building basement. This case, *Shipley,* purports to rest on pre-*Chimel* law, but certiorari in *Harris* and *Mahoney* cannot be denied without assuming the nonretroactivity of *Chimel* and then determining that these cases do not deserve the same summary reversal given to *Shipley.* In *Schmear, Jamison,* and *Chrisman,* as in *Chimel,* the Court fails to find a substantial issue in the warrantless

arrest and its bearing on the warrantless search. Finally, the *per curiam* in *Von Cleef* invokes *Kremen* v. *United States,* 353 U. S. 346 (1957), without noting that the seizures in *Von Cleef* were limited to evidence and instrumentalities of the crimes being investigated and for which the arrests were made.

I join the grant of certiorari in this case but dissent from the summary reversal.