**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jack ADAMS, Defendant-Appellant.**

**No. 27070.**

United States Court of Appeals,
Fifth Circuit.

April 7, 1970.

James R. McAtee (court appointed), Pensacola, Fla., for defendant-appellant.

Clinton Ashmore, U. S. Atty., C. W. Eggart, Asst. U. S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before RIVES, BELL and DYER, Circuit Judges.

BELL, Circuit Judge.

This appeal is from a judgment of conviction entered on a jury verdict finding appellant guilty of a Dyer Act violation, unlawful transportation of a stolen motor vehicle in interstate commerce. 18 U.S.C.A. § 2312.

Appellant places principal reliance for reversal on the contention that the district court committed error in admitting into evidence statements of appellant which were the fruits of an alleged illegal search and seizure. In the alternative, he argues that the statements were inadmissible because they were involuntary in that they were made while he was intoxicated. In addition, appellant urges that

his motion for judgment of acquittal should have been granted because the government failed to prove the requisite knowledge on his part that the vehicle was stolen. Finally, he argues that the court erred in allowing the government to cross-examine him as to two prior criminal convictions.[1] We reverse on the search and seizure question.

On June 12, 1968, Mrs. Ruth S. Cadwell parked her Oldsmobile at a shopping center in Atlanta, Georgia. Two hours later, she discovered that the vehicle was missing. Three days later appellant was arrested in Pensacola Florida, and charged with driving while intoxicated. It was later determined that he was driving the car stolen from Mrs. Cadwell and the indictment which forms the subject matter of this appeal followed.

The arrest occurred early in the morning hours when Deputy Sheriff Powell observed a car swerving down the street after leaving a bar in Pensacola. Suspecting that the driver was intoxicated, Powell and two other officers stopped the car and asked the driver, appellant, to perform several physical tests. He was unable to perform the tests, and was thereupon arrested. The vehicle which appellant had been driving was driven to the jail by another deputy sheriff.

After appellant was booked and given a breathalyzer examination, the vehicle was searched. The search, according to the deputy, was in preparation for impounding the vehicle. It appears, however, that the officers conducted a general exploratory search without a warrant and without appellant's consent. They had been unable to find the keys and therefore suspected that the vehicle was stolen.

The officers first discovered registration papers in the glove compartment indicating ownership by Richard S. Cadwell. They then removed the rear seat so as to enter the trunk and there found various papers which bore the same name as that on the registration papers. Appellant was immediately questioned about these findings. He was first asked about ownership of the car and replied that it was his. When asked about Richard S. Cadwell, Adams replied that Cadwell was his father-in-law. While the papers discovered in the search were not offered in evidence, they were constantly referred to during the trial. The statements made by appellant with respect to ownership of the vehicle were admitted over objection, and after the denial of a motion to suppress these statements.

We conclude that the search was in violation of the defendant's Fourth Amendment rights. As noted in Williams v. United States, 5 Cir., 1969, 412 F.2d 729, a case remarkably similar to this case, "Recent decisions by this Court confirm that for a warrantless search of an automobile under police control to be lawful it must be closely related to the reason for the arrest and the reason the car is in custody." 412 F.2d at 735. This essential nexus is missing here. The police conducted a warrantless general exploratory search (even to the extent of removing a part of the rear seat to enter the trunk), unrelated to the reason for the arrest and the custody of the car. The search far exceeded what would have been necessary for identification purposes only. Indeed, from aught that appears, the serial number of the vehicle was not obtained. The search was not necesary to protect the officers, no emergency existed, nor was there danger that evidence might be lost, or that the vehicle might be removed. Accordingly, we conclude that the evidence obtained through and as a result of the search including the statements which were the fruits thereof, was not admissble. See also Preston v. United States, 1964, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777; Williams v. United States, 5 Cir., 1967, 382 F.2d 48. Cf. Cooper v. California, 1967,

---

[1]. An additional question, the sufficiency of the warnings due appellant under Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, was settled in supplemental briefs filed after oral argument in this court. Appellant concedes, through counsel, that the warnings were legally sufficient. We agree.

386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730. See also Chimel v. California, 1969, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, 694, Fn. 9, where the Supreme Court reiterated " * * * the recognized principle that, assuming the existence of probable cause, automobiles and other vehicles may be searched without warrants 'where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought.' "

In view of this holding on the search and seizure question, we pretermit the question regarding the voluntariness of the statements made while appellant was intoxicated. Also, we find no merit in appellant's remaining contentions.

Reversed and remanded.