Rudy Terrones **RUIZ**, Appellant,

v.

Walter E. **CRAVEN**, Warden, Folsom
State Prison, Appellee.

No. 23952.

United States Court of Appeals,
Ninth Circuit.

April 23, 1970.

W. Edward Morgan, H. Earle Rogge, Jr., Tucson, Ariz., for appellant.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Lawrence K. Keethe, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before DUNIWAY, HUFSTEDLER, and WRIGHT, Circuit Judges.

PER CURIAM:

Ruiz appeals from a federal district court order denying, without an evidentiary hearing, his petition for a writ of habeas corpus to obtain his release from a California penitentiary to which he has been confined since his 1964 conviction for possessing heroin for sale (Cal.Health & Safety Code § 11500.5). Ruiz' conviction followed the denial of his motion to suppress the heroin as the product of an illegal search and his submission thereafter of the cause on the transcript of his preliminary hearing.

The relevant facts can be briefly summarized.

On January 17, 1964, two Los Angeles police officers arrested Ruiz who was then standing about 15 feet from his house. The officers did not have an arrest warrant in hand, but they had been informed through official channels that Ruiz was wanted on an outstanding federal warrant. Following the arrest, the officers searched Ruiz and found in his shirt pocket a small quantity of powder later identified as heroin. The officers thereupon proceeded to search Ruiz' house without a search warrant and found in a bedroom two kilos of heroin. When the officers interrogated Ruiz about the large quantity of heroin, he indicated that he had bought it for resale.

■■ Probable cause to justify Ruiz' arrest was supplied by the officers' receipt of official information that the federal warrant was outstanding. (United States v. Lape (9th Cir. 1969) 413 F.2d 816; People v. Webb (1967) 66 Cal.2d 107, 56 Cal.Rptr. 902, 424 P.2d 342.) The search of Ruiz' person was reasonably incident to his valid arrest. (*E. g.*, Weeks v. United States (1914) 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652.)

■■ However, the search of Ruiz' house was not incident to his arrest even under pre-*Chimel* standards. As the Supreme Court said in Shipley v. California (1969) 395 U.S. 818, 819–820, 89 S.Ct. 2053, 23 L.Ed.2d 732, concerning a search of a house located 15 to 20 feet from the place of arrest: "The Court has consistently held that a search 'can be incident to an arrest only if it is substantially contemporaneous with the arrest and is confined to the *immediate* vicinity of the arrest.' * * * [T]he Constitution has never been construed by this Court to allow the police, in the absence of an emergency, to arrest a person *outside* his home and then take him inside for the purpose of conducting a warrantless search. * * *." No exigent circumstances were shown. Ruiz' motion to suppress the heroin found in his house should have been granted.

■ Ruiz' motion to suppress the inculpatory statements made after the two kilos of heroin had been found should also have been granted. Those statements resulted directly from the unlawful search of Ruiz' house. (Wong Sun v. United States (1963) 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; Fahy v. Connecticut (1963) 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171; Ker v. California (1963) 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726.)

■ The Government's argument that Ruiz is precluded from challenging the validity of the search due to his failure to make a contemporaneous objection on the specific ground of illegal search fails, because the court at the preliminary hearing considered the question of the legality of the search and rejected the claim on its merits. *Cf.* Warden v. Hayden (1967) 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782.

There is no merit to Ruiz' remaining contentions.

The Order is reversed, and the cause is remanded to the district court with directions to issue the writ unless California, within 60 days following the issuance of our mandate, shall have commenced proceedings to set aside Ruiz' conviction and to grant him a new trial.