**UNITED STATES of America**

v.

**George Finis GARNER (3 cases).**
**Crim. A. Nos. 17725–17727.**

United States District Court,
E. D. Tennessee, N. D.

Sept. 11, 1970.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for plaintiff.

Ray Jenkins, Jenkins & Jenkins, Knoxville, Tenn., for defendant.

OPINION

ROBERT L. TAYLOR, District Judge.

George Finis Garner was indicted by the Grand Jury on a two-count indictment for willfully and knowingly obtaining a number of U. S. Postal Money Orders with intent to convert the same to his own use and that he knew the money orders to have been stolen.

Count Two charges that he willfully and knowingly possessed with intent to defraud, falsely made, forged, counterfeited or altered obligations or securities of the United States, that is, United States Postal Money Orders which are described in the indictment, in that he knew the money orders to have been falsely made, forged or counterfeited.

Defendant has moved to suppress all evidence obtained from him by reason of a search and seizure of the property and subsequent arrest by the Tennessee Highway Patrol Troopers and officers of Blount County and Maryville, Tennes-

see and post office inspectors on the following grounds:

The officers violated defendant's rights under the Fourth and Fifth Amendments of the Constitution of the United States in searching petitioner's car without probable cause; the searches were unreasonable; the officers had no ground upon which to arrest or search the defendant; the searching and seizure were without permission of the defendant.

Defendant has been charged in another indictment, which appears to have been returned on March 19, 1970 or prior to the indictment just referred to. In the first count of that indictment defendant was charged with willfully and knowingly having in his possession a firearm, that is, a U. S. Army type Colt .45 caliber automatic pistol, said George F. Garner at that time having been previously convicted by a court of the United States or a state court of a crime punishable by imprisonment for a term exceeding a year; second, that on or about the 5th day of February, 1970, the defendant willfully and knowingly transported and shipped in interstate commerce from the State of Florida to Blount County, Tennessee, firearms and ammunition, a detailed description of which is set forth in Count No. 2 of the indictment.

A like motion to suppress all the evidence was filed by the defendant based upon the contention that the officers violated his constitutional rights under the Fourth and Fifth Amendments to the Constitution of the United States.

The parties stipulated the controlling facts in the arrest and seizure of the property which is the subject of the motion to suppress.

Briefly stated, defendant was driving his automobile on Highway 411 in the Monroe and Blount County areas at a reckless, dangerous, excessive rate of speed; that the officers formed one or more roadblocks to stop him and he ran through all of the roadblocks before he was finally stopped; when the officers stopped the car they saw in the hand of defendant an Army .45 caliber automatic pistol, loaded, with a bullet in the chamber, and cocked, lying between defendant's knees or on the floor of the car. This gave the officers the right to seize the gun.

The crucial question in the case is whether the officers, who admittedly had the right to seize the gun that was on the front seat and was observed by them, had a further right to search the trunk of the car which was done by them and where they found other guns, ammunition and various items of tools, etc.

It is contended by the defendant that the search of the trunk of the car was unreasonable, therefore, in violation of the rights of the defendant contained in the Fourth and Fifth Amendments of the Constitution of the United States because there was no relation between the offense, or offenses, for which defendant was arrested and the items found in the trunk of the car.

In support of his contention, his counsel cites the cases of Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L. Ed.2d 685 and Shipley v. California, 395 U.S. 818, 89 S.Ct. 2053, 23 L.Ed.2d 732.

▉ Those cases deal with a man's home, which is entirely different from dealing with an automobile. An automobile is movable and the courts are much more liberal in sustaining a search when an automobile is involved than when a home is involved. If the officers wait to get a search warrant for an automobile they may never seize the automobile, in many instances, or the driver.

▉ Defendant's counsel also cites the case of United States v. Adams, 424 F.2d 175, by the Fifth Circuit in an opinion written by Judge Bell. The Court in that case said, among other things:

"* * * The search far exceeded what would have been necessary for identification purposes only. Indeed, from aught that appears, the serial number of the vehicle was not ob-

tained. The search was not necessary to protect the officers, no emergency existed, nor was there danger that evidence might be lost, or that the vehicle might be removed. Accordingly, we conclude that the evidence obtained through and as a result of the search including the statements which were the fruits thereof, was not admissible * * * ''

The *Adams* case may be differentiated on the facts from the case under consideration. In the opinion of the Court, after the officers observed the loaded pistol on the front seat of the car they had a right to search the trunk of the car and secure evidence comparable to the evidence that they found in the front seat of the car which indicated a violation of the Firearms Statute. The defendant, when arrested, or immediately prior to his arrest, showed a total disregard for the law in that he was driving his car in an exceedingly reckless manner, having driven it through, according to the Assistant U. S. Attorney, three roadblocks, all of which indicated that he was a deliberate and intentional law violator.

As indicated to counsel during this trial, this Court has considered the question at issue in the cases of United States v. Williams, 230 F.Supp. 47 and United States v. Cole, 243 F.Supp. 421.

In those cases this Court held that the officers did not have the right to search the trunk of the car following the arrest for a misdemeanor only. Since those decisions, the Supreme Court of Tennessee has dealt directly with the question in the case of Liming v. State of Tennessee, 220 Tenn. 371, 417 S.W.2d 769, in an opinion written by Justice Humphreys. It was held in that case that the officers had a right to search the trunk of the car for an arrest on a misdemeanor only and the reasons given by Justice Humphreys in that case are applicable to our case.

The most recent case that has been cited to us is Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419. In that case it was held that the officers had the right to search the entire car without a search warrant. See also Welch v. United States, 361 F.2d 214 (C.A. 10).

In the opinion of the Court, and the Court finds as a fact, and concludes as a matter of law, that the search was legal and the motion to suppress is, therefore, denied.

█ Defendant has also filed a petition to have returned to him the sum of $3,800.00 cash which was found on his person at the time the search was made. The Court holds that the Government officers have a right to hold this money until the trial is had on the merits.