**Robert Walter RUSSELL, Petitioner,**

**v.**

**J. D. COX, Superintendent, Virginia State Penitentiary, Defendant.**

**Civ. A. No. 69-C-45-D.**

United States District Court,
W. D. Virginia,
Danville Division.

May 11, 1971.

Robert Walter Russell, pro se.

William P. Robinson, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION

WIDENER, District Judge.

Petitioner, a Virginia State prisoner, seeks habeas corpus relief under 28 U.S. C. § 2241, complaining that his current imprisonment pursuant to a conviction of armed robbery is unlawful, and challenging the legality of a consecutive sentence for kidnapping.

On January 20, 1966, Russell was convicted of armed robbery and sentenced to thirty years' imprisonment following a jury trial in the Circuit Court of Pittsylvania County, Virginia. Five days later, he was convicted of kidnapping and sentenced to two and one-half years following a jury trial in the Corporation Court of the City of Danville, Virginia. The two convictions arose out of the same series of events and evidence adduced by the Commonwealth was substantially the same at both trials. It consisted largely of testimony by Ernest Blaine, the complaining witness at both trials, and may be briefly summarized.

On September 19, 1965, Russell engaged the services of Blaine, a Danville, Virginia taxicab driver. At petitioner's requests, Blaine drove him to various places in and around the City of Danville. At one point, Russell drew out a pistol, directed Blaine to a secluded spot in Pittsylvania County and there robbed him of approximately $72.00. He then ordered Blaine to continue driving under Russell's direction. The journey, which lasted over three hours, ended abruptly in Caswell County, North Carolina, some two and one-half miles from the Virginia State line. There, Russell ordered Blaine into the back seat of the cab and took over the driving himself. Blaine seized the opportunity to turn on his assailant and stabbed Russell with a pocket knife, causing the latter to lose control of the cab which left the roadway and stopped in a ditch. A passerby, who had witnessed the mishap, approached the scene as Russell and Blaine emerged from the cab, observed Russell holding the pistol, and asked a passing motorist, one Pruitt, to summon the police. Pruitt returned shortly with a Caswell County constable, L. H. Hamlett. The two observed Russell approximately 200 yards from the cab, bloody and walking unsteadily along the shoulder of the road. Pruitt informed Officer Hamlett that Russell was "the one that had the gun." Officer Hamlett stopped, asked Russell what had happened, and, noting that he was in need of medical attention, helped him to lie down on the ground. In so doing, he felt the pistol under Russell's shirt, pulled the shirt back and discovered the pistol tucked into his belt. Hamlett seized the pistol and, after asking some passersby to call for an ambulance, advised Russell that a charge for carrying a concealed weapon would be issued against him. Blaine then walked up and informed Officer Hamlett that Russell had robbed him at gunpoint, that he had stabbed Russell and that Russell had Blaine's money in his pockets. Hamlett then searched Russell's pockets, finding and seizing $72.04. Russell was thereafter taken by ambulance to a hospital in Danville, where, on the same day, he was served with a warrant issued in the County of Pittsylvania charging him with armed robbery. He was served two days later with a kidnapping warrant which had been issued in the City of Danville.

Petitioner unsuccessfully appealed both of his convictions to the Supreme Court of Appeals of Virginia. In addition, he petitioned the Circuit Court of Pittsylvania County for a writ of habeas corpus. On October 24, 1968, that court held a hearing on a motion to dismiss the petition. Petitioner's appointed counsel appeared at the hearing and presented

argument in support of petitioner's claims regarding his conviction for armed robbery. The petition was thereafter dismissed on November 22, 1968, without additional evidence being taken. The Supreme Court of Appeals of Virginia denied a writ of error to the judgment dismissing the petition on June 17, 1969.

█ Russell filed his present petition on August 11, 1969. In it, he sets forth ten grounds for relief, five of which, petitioner admits, have never been presented to the State courts of Virginia. As to those five grounds, he has not exhausted his state remedies as required by 28 U.S.C. § 2254, and they will not be considered. One of the remaining allegations, i. e. that petitioner's rights under Virginia's extradition laws were violated, also has not been presented heretofore and similarly will not be considered. The balance of petitioner's claims follow as quoted from the petition:

"1. unlawful search and seizure.

2. an arrest without a warrant.

3. error in failing to strike certain evidence.

4. jury was not selected properly."

Allegations (1) through (3) pertain to both of the convictions now attacked by petitioner and were subjects both of his direct appeals therefrom and of his petition for habeas corpus filed in the Circuit Court of Pittsylvania County. Evidence of the pistol and money seized from petitioner were admitted over objection at both trials. He urges that such evidence should have been excluded as the fruits of an unlawful arrest and search. As to these claims, petitioner relies on the records before this court, alleging no disputed facts.

█ It is clear from those records, first, that the pistol taken from petitioner was not obtained as a result of a search either in a constitutional sense or otherwise. A search implies some exploratory investigation. Smith v. United States, 2 F.2d 715 (4th Cir. 1924). Here, Officer Hamlett was merely helping Russell, who was seriously wounded and wobbling, to the ground when he felt the pistol beneath Russell's shirt. He then pulled back the shirt, saw the weapon and seized it. The major thrust of the exclusionary rule is its deterrence of police misconduct. Terry v. Ohio, 392 U. S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Such purpose would in no way be served by the rule's application in the instant circumstances. The Fourth Amendment does not, in the opinion of this court, require a police officer to disregard contraband, the presence of which becomes apparent in the course of a lawful, indeed salutary, act.

█ Moreover, even if Officer Hamlett's discovery of the pistol be characterized as a search, it was an entirely reasonable one, "strictly tied to and justified by" the exigencies of the situation. Warden v. Hayden, 387 U.S. 294, 310, 87 S.Ct. 1642, 1652, 18 L.Ed.2d 782 (1967), (Fortas, J., concurring). He was performing the legitimate function of investigating a report concerning an accident and an armed man. Upon reaching the scene, Russell was pointed out to him as the man who had the gun. Under the policies announced in Terry v. Ohio, supra, he would thus have been warranted in taking "necessary measures to determine whether (Russell was) in fact carrying a weapon and to neutralize the threat of physical harm." 392 U.S. 1, 24, 88 S.Ct. 1868, 1881. See also Meade v. Cox, 438 F.2d 323 (4th Cir. 1971). A limited search for weapons is reasonable in such circumstances regardless of whether there is probable cause to arrest.

"The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. * * * And in determining whether the officer acted reasonably in such circumstances, due weight must be given * * * to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience." Terry, supra, 392 U.S. at 27, 88 S.Ct. at 1883.

There can be no doubt that Officer Hamlett had reason to believe that Russell was armed. It was within his authority to assure himself that such was not the case. Insofar as his actions in discovering the pistol amounted to a search, they were unquestionably reasonable and appropriate under the circumstances.

Seizure of petitioner's gun being proper, his claim that he was arrested without a warrant is of no avail. Officer Hamlett had the right and duty to arrest petitioner for carrying a concealed weapon, a misdemeanor[1] committed in his presence.

It is unnecessary to determine whether the circumstances leading up to and including the seizure of petitioner's gun alone provided grounds constitutionally justifying the subsequent search of his pockets and seizure of money therefrom. There were intervening corroborative factors which further vindicated petitioner's arrest and search. Blaine's statements in the presence of his assailant that Russell had robbed him at gunpoint and that Russell had Blaine's money in his pockets coincided with Officer Hamlett's discovery of the gun. This coincidence of information was more than sufficient to support a reasonable belief on Hamlett's part that Russell had committed a felony. See Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). Moreover, it provided him with probable cause to arrest Russell independent of that which the subsequent search of his pockets disclosed. Cf. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). He thus had a right, incident to that arrest, to search for and seize the money on Russell's person in order to prevent its concealment or destruction. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), reh. den. 396 U.S. 869, 90 S.Ct. 36, 24 L.Ed.2d 124; Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964).

In upholding the search of Russell's pockets as incident to his lawful arrest, it is of no moment that the point in time of his arrest cannot be determined with precision. Petitioner concedes that he was arrested in North Carolina. Officer Hamlett did not inform Russell that he was under arrest because, as he testified at Russell's trial for robbery, "I was more concerned over his condition of bleeding than I was of anything else at that time. I was trying to get some medical attention." Petitioner's arrest and search were virtually simultaneous, taking place over a period of minutes. For all practical purposes, Hamlett had doubtless "restricted [Russell's] liberty of movement," Henry v. United States, 361 U.S. 98, 103, 80 S.Ct. 168, 4 L.Ed.2d 134 (1963), once he had acquired probable cause to arrest him. Since the search of Russell's pockets was, as noted, neither the means by which he acquired such probable cause, nor based upon his discovery of the pistol alone, it is sufficient for purposes of constitutional justification, and this court finds, that such search was "substantially contemporaneous" with Russell's arrest. See Shipley v. California, 395 U.S. 818, 89 S.Ct. 2053, 23 L.Ed.2d 732 (1969).

Under Johnson v. United States, supra, the reasonableness of a search must be determined by the facts and circumstances of each case. This court finds it difficult to imagine police action more defensible than that taken by the arresting officer in the present case. His seizure of the gun and money from petitioner was lawful, and there was no constitutional error in the admission of those items into evidence at petitioner's trials. Officer Hamlett had the right, indeed the obligation, to act in precisely the manner in which he did.

Petitioner raises his fourth allegation, that the jury was not selected properly, apparently in connection with his trial for armed robbery in the Circuit Court of Pittsylvania County. Although he offers no facts in his federal

---

1. N.C.G.S., § 14–269.

petition in support of this allegation, he asserted the same claim in his state petition for habeas corpus relief as " * * all [N]egroes was stricken from the jury stand and none was allowed to participate in the trial." His attorney phrased it "systematic exclusion from the jury box." Assuming that fact to be the basis of the present claim and accepting it as true, it does not, without more, afford a basis for relief. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965).

As to his claims found to be properly before this court, petitioner has alleged no facts which, if proved, would entitle him to the relief sought. All pertinent facts are revealed in the record. No further hearing on those claims is required. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Those claims which, as noted, petitioner has not heretofore presented to the State courts of Virginia, are dismissed without prejudice.

An order is this day entered dismissing the petition.