187 N.J. Super. 76 (1982)
453 A.2d 894
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH VITTELLONE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 16, 1982.
Decided September 2, 1982.
*77 Before Judges FURMAN, GAULKIN and TRAUTWEIN.
John W. Marotta argued the cause for appellant.
Margaret A.F. Mullins, Assistant County Prosecutor, argued the cause for respondent (Joseph A. Falcone, Passaic County *78 Prosecutor, attorney; Jay W. McCann, Assistant County Prosecutor, of counsel and on the brief).
The opinion of the Court was delivered by FURMAN, P.J.A.D.
Defendant was convicted of unlawful possession of heroin, cocaine and diazapam, contrary to N.J.S.A. 24:21-20, following a jury trial. He appeals from the denial of his pretrial motion to suppress evidence. At issue is the constitutional validity of police search and seizure of small quantities of heroin, cocaine and diazapam, which were contained inside a locked canvas bank deposit bag in a desk drawer in defendant's bedroom.
Detective Kelly of the Clifton Police Department was the only witness at the suppression hearing. Undisputed facts are as follows. Defendant's sister, who lived upstairs, reported to the police that defendant was outside the house brandishing a revolver and threatening their cousin Robert DeVita. Upon their arrival defendant admitted the police, Kelly and two others, to the house. Kelly advised defendant verbally of his right to remain silent and his right to an attorney, complying with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), according to a finding by the trial judge.
At Kelly's request defendant agreed to show the police his gun and led them to the desk in his bedroom. He represented that the gun was in one of the drawers. He inquired if the police needed a warrant to search the drawer. Kelly indicated not. Kelly unlocked the drawer by the key in its lock. One of the other officers pulled out a loaded .22-caliber revolver. Kelly also observed within the drawer a plastic bag containing what appeared to be marijuana and the locked canvas bank deposit bag. After the revolver was seized, defendant became agitated. The police handcuffed him. Kelly asked defendant what was in the canvas bag. According to Kelly, defendant "indicated paraphernalia used to smoke marijuana." He pointed out to Kelly the key to the canvas bag. Kelly unlocked and opened the *79 canvas bag and found small quantities of what he recognized as controlled dangerous substances. Defendant's mother had entered the room and was standing watching.
In denying defendant's motion to suppress both the revolver and the contents of the canvas bag, the judge below rested his decision on the exigent circumstances exception to the constitutional prohibition against unreasonable searches and seizures. He reached a finding of no consent to the search of the desk drawer. This appeal involves only the denial of defendant's motion to suppress the contents of the canvas bag, in view of his acquittal by the jury on a charge against him of possession of a weapon for an unlawful purpose. We agree with the trial judge that the opening of the desk drawer was a reasonable search under the exigent circumstances that defendant was reported to be armed and represented that his gun was there.
Possession of narcotics paraphernalia, including paraphernalia for smoking marijuana, was a disorderly persons offense at the time of the seizure of the contents of the locked canvas bank deposit bag; N.J.S.A. 24:21-46. Defendant argues that although, under the factual circumstances, the police would have been justified in taking physical custody of the canvas bag and obtaining a search warrant for it, the police overreached in violation of his constitutional rights in opening and searching the canvas bag and seizing its contents, without a warrant and without consent.
United States v. Ross, ___ U.S. ___, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), upholds the constitutionality of a warrantless search and seizure, upon probable cause, of every part of a lawfully stopped vehicle and its contents, including closed containers, without distinction among such closed containers based upon relative expectations of privacy. In so ruling, the Supreme Court distinguished United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), and Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), which struck down as unconstitutional searches and seizures of closed luggage within vehicles, on the ground that factually in those two cases, *80 it was the luggage itself, not the vehicles in which it was transported, that was suspected to contain contraband. Chadwick and Sanders, thus, survive as binding constitutional precedents.
We conclude, nevertheless, that Chadwick and Sanders, as applied to the facts on the appeal before us, do not mandate the suppression of the contents of the locked canvas bank deposit bag. Under the facts of both Chadwick and Sanders, law enforcement authorities had reliable information, well in advance, of the arrival of contraband, with ample opportunity to obtain search warrants. That was not so factually on this appeal. The police had no prior notice of any drug offense and no opportunity in advance to apply for a search warrant. Defendant, who had been given the Miranda warnings, acknowledged to the police that the canvas bag contained marijuana-smoking paraphernalia. Because of the presence nearby of defendant's mother and, possibly, his sister, the contraband in the canvas bag would not have been safe against removal or destruction if the police had departed without it. The alternatives open to the police were an immediate search of the canvas bag or delay and some inconvenience in taking the canvas bag to police headquarters, posting a guard over it or otherwise securing it until a search warrant had been obtained. The decision to conduct the immediate search was made by the police upon defendant's admission of contraband; in view of that admission, judicial discretion in evaluating whether there was probable cause to issue a search warrant would not have been a significant factor.
State v. DeLorenzo, 166 N.J. Super. 483 (App.Div. 1979), like Chadwick and Sanders, is distinguishable factually. In DeLorenzo the police, after impounding an unregistered automobile, searched a duffel bag which had been on the passenger seat and seized four ounces of marijuana inside it, without a search warrant. That warrantless search and seizure was struck down as constitutionally impermissible in the absence of exigent circumstances.
*81 We hold that the warrantless search of defendant's locked canvas bank deposit bag and seizure of its contents was justified under all the circumstances, including specifically defendant's admission, after the Miranda warnings to him, that the canvas bag contained contraband; the lack of police information of a possible drug offense or opportunity to obtain a search warrant in advance, and the presence of others in the house threatening the security of the canvas bag and its contents during the interval before a search warrant was obtained. See Washington v. Chrisman, 455 U.S. 1, 9, 102 S.Ct. 812, 818, 70 L.Ed.2d 778, 787 (1982).
On appeal the State also defends the warrantless search and seizure of the canvas bag as one incidental to the arrest of defendant and, thus, constitutionally permissible. The trial judge did not so rule. We disagree with that alternative argument by the State. Defendant was handcuffed at the time; there was no reasonable basis for an apprehension that his mother or sister would attack the police with a weapon seized from the canvas bag. Cf. Chimel v. California, 395 U.S. 752, 762-763, 89 S.Ct. 2034, 2039-40, 23 L.Ed.2d 685 (1969); State v. Evans, 181 N.J. Super. 455, 461 (App.Div. 1981).
We affirm.