813 A.2d 1279 (2003)
357 N.J. Super. 100
STATE of New Jersey, Plaintiff-Respondent,
v.
David ROSE, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted November 19, 2002.
Decided January 23, 2003.
*1280 Yvonne Smith Segars, Public Defender, for appellant (William B. Smith, Deputy Public Defender II, of counsel and on the brief).
John Kaye, Monmouth County Prosecutor, for respondent (Marc LeMieux, Assistant Prosecutor, of counsel and on the brief).
Before Judges STERN, COLLESTER and ALLEY.
The opinion of the court was delivered by
COLLESTER, J.A.D.
Following the denial of his motion to suppress evidence seized as a result of a warrantless search, defendant, David Rose, entered a guilty plea to an indictment charging him with a single count of possession of heroin, contrary to N.J.S.A. 2C:35-10a(1), and was sentenced to a four year term of probation. He now appeals pursuant to R. 3:5-7(d) from the order denying his motion to suppress.
Sergeant Paul Crosta of the Ocean Township Police Department was the State's sole witness at the suppression hearing. He testified that on April 27, 2000 at about 2 a.m. he made a car stop near the Tower Motel in Ocean Township, which led to the arrest of the driver for possession of heroin. According to Crosta, the driver told him at police headquarters that he received the heroin from the defendant David Rose in Room 22 of the Tower Motel. Crosta ran a computer check on defendant and found that there were nine active municipal warrants for his arrest. Crosta then obtained a photograph of defendant *1281 from the Neptune Township Police Department and, along with two other officers, went to the Tower Motel shortly after 6 a.m. to arrest the defendant based on the outstanding warrants. No application was made for a search warrant.
When they arrived at the motel, the officers knocked on the door of Room 22. It was opened by a woman named Angie Mellilo, later determined to be defendant's girlfriend. She told the officers that defendant was in the bathroom. All three officers then entered the bathroom where the defendant was standing about a foot from the toilet. He was immediately arrested, taken out of the bathroom and handcuffed. Officer Crosta then searched the bathroom and found under the toilet seat cover a glassine envelope containing a white powder later identified as heroin. As a result defendant was charged with possession of a controlled dangerous substance. Ms. Mellilo was not charged with any offense.
Both defendant and Ms. Mellilo testified at the hearing. Their testimony was consistent in pertinent part with that of Officer Crosta except they added that defendant was placed on the floor next to the bed after he was handcuffed. This portion of their testimony is not disputed by the State.
Since hotel occupants have a constitutionally protected expectation of privacy, State v. Stott, 171 N.J. 343, 358, 794 A.2d 120 (2002); State v. Alvarez, 238 N.J.Super. 560, 571, 570 A.2d 459 (App.Div.1990), a warrantless search of a suspect's room is unreasonable and improper unless it falls within the scope of an exception to the general rule requiring the issuance of a search warrant. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), reh. den. 404 U.S. 874, 92 S.Ct. 26, 30 L.Ed.2d 120 (1971); State v. Valencia, 93 N.J. 126, 133, 459 A.2d 1149 (1983). Here the State's argument is that the evidence was properly seized under the warrant exception of a search incident to a valid arrest. See, Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); U.S. v. Edwards, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974); State v. Welsh, 84 N.J. 346, 419 A.2d 1123 (1980); 3 LaFave, Search & Seizure, § 6.3(b) at 623-24 (2nd Ed.1987).
There is no issue as to the validity of defendant's arrest in light of the outstanding municipal warrants. The police officers also acted properly by knocking on the motel room door and entering to effect the defendant's arrest. See, State v. Stanton, 265 N.J.Super. 383, 386, 627 A.2d 674 (App.Div. 1993). Under the exception permitting a warrantless search incident to a valid arrest, the officers had the right to search defendant and the area within his immediate control in order to protect their own safety and to prevent the destruction of evidence. Chimel, supra, 395 U.S. at 762-63, 89 S.Ct. at 2040, 23 L.Ed.2d at 694; State v. Pierce, 136 N.J. 184, 195-205, 642 A.2d 947 (1994); State v. Scanlon, 84 N.J.Super. 427, 434, 202 A.2d 448 (App. Div.1964). The issue herein is whether the police exceeded the scope of a permissible search.
Since the State bears the burden of proof on a warrantless search, it must establish under this exception that the evidence seized was within an area of the defendant's "immediate control," which has been defined as "the area from within which he might gain possession of a weapon or destructible evidence." Chimel, supra, 395 U.S. at 763, 89 S.Ct. at 2040, 23 L.Ed.2d at 694. See also, Shipley v. California, 395 U.S. 818, 819, 89 S.Ct. 2053, 2054, 23 L.Ed.2d 732, 734 (1969). Put another way, a search incident to a valid arrest must be limited to the person arested *1282 and the areas within his reach or "grabble area." State v. Stupi, 231 N.J.Super. 284, 288, 555 A.2d 681 (App.Div.1989), cf. State v. Smith, 140 N.J.Super. 368, 374, 356 A.2d 401 (App.Div.1976).
In this instance the search of the bathroom was conducted after the defendant had been removed and rendered incapable of obtaining a weapon or destroying evidence. The premises searched was then within the control of the police, not the defendant. Therefore, the search was outside the spacial limitations of a search incident to a valid arrest. See, Pierce, supra, 136 N.J. at 218, 642 A.2d 947 (Handler, J., concurring).
In upholding the search the motion judge stressed that Ms. Mellilo was present in the motel room and not in custody, implying that she could or would have destroyed the contraband. There is no reasonable basis in the record for such a finding, and it is improper to assume that because of her relationship with defendant she would have committed the criminal act of destroying evidence. See, State v. Vittellone, 187 N.J.Super. 76, 81, 453 A.2d 894 (App.Div.1982). We also note that the State does not argue that the presence of Ms. Mellilo justified the search. See State v. Hill, 115 N.J. 169, 178, 557 A.2d 322 (1989).
We reverse the denial of the motion to suppress and remand for further proceedings consistent with this opinion.
Reversed and remanded.