THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Devario Simpson, Appellant.
 
 
 

Appeal From Greenville County
 G. Edward Welmaker, Circuit Court Judge

Unpublished Opinion No. 2007-UP-304
 Submitted April 2, 2007  Filed June 8,
 2007    

AFFIRMED

 
 
 
 Appellate Defender Aileen P. Clare, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley E. Elliott, Assistant
 Attorney General Deborah R.J. Shupe, all of Columbia; and Solicitor Robert M. Ariail,
 of Greenville, for Respondent.
 
 
 

PER CURIAM:  Devario
 Simpson (Simpson) appeals his convictions for trafficking cocaine and resisting
 arrest.  Simpson argues the evidence seized and admitted at trial was the
 result of an unlawful detention.  We affirm.  
FACTS
On the night of April 19, 2003, Deputy McBee of the Greenville County Sheriffs Department initiated a traffic stop of a vehicle driven by
 Simpson.  According to McBee, Simpsons car came to a four-way stop across the
 intersection from his patrol car.  Simpson signaled a right turn and attempted
 to yield the right-of-way to permit McBee to turn left and proceed before him.  McBee
 declined to turn left before Simpson and instead waved Simpson through the
 intersection.  Simpson then straightened his vehicles wheels and proceeded to
 go straight through the intersection rather than turning right.  McBee
 testified Simpsons vehicle crossed the center line, before passing his patrol
 car.  McBee then turned and followed Simpson.  Simpson continued on the road at
 a speed exceeding thirty-five miles per hour, which McBee believed was over the
 speed limit for a residential road with no posted speed limit.  McBee initiated
 a traffic stop for crossing the center line and speeding. 
Simpson immediately stopped and exited the car and looked around
 in a manner interpreted by Deputy McBee as an attempt to flee.  McBee quickly
 approached the car and pinned Simpson between the door and the body of the car.
  McBee noticed Simpson had bulges in his pockets, so he searched Simpson for
 weapons.  McBee testified that as he attempted to pat down Simpsons front
 pockets, Simpson contorted his body in an attempt to pull away, so McBee
 handcuffed Simpson and detained him for safety purposes.  Officer McBee was
 certain, after he completed the pat down, that the bulges in Simpsons pants
 were not weapons.
At this time, Simpsons passenger exited the car and attempted to
 intervene, so McBee called for backup.  Deputy Rudy arrived and took custody of
 Simpson while McBee tried to calm the passenger.  As McBee spoke to the
 passenger, he heard a scuffle and turned and saw Simpson push Rudy with his
 shoulder.  Rudy responded by placing Simpson under arrest for assaulting a
 police officer.  McBee joined Rudy and subdued Simpson. 
Meanwhile, another officer responded to the scene with a drug dog.
  The dog alerted to the odor of narcotics inside the car.  A search of the car
 produced 800 grams of cocaine, $11,000 in currency, and other drug
 paraphernalia.  The officers also searched Simpsons person incident to his
 arrest for assaulting a police officer and seized over $6500 in cash from his
 front pants pockets and a hotel key card.  A search of Simpsons hotel room
 pursuant to a search warrant yielded some additional drug paraphernalia.  
Simpson was tried by a jury and convicted of trafficking cocaine
 and resisting arrest and acquitted of assault and battery.  Simpson was
 sentenced to thirty years in prison for the trafficking charge and one year in
 prison for the resisting arrest charge.  This appeal follows.  
LAW/ANALYSIS
Simpson
 argues his restraint and detention at the traffic stop became unlawful when
 McBee determined he was not armed, and the subsequent searches of his person,
 the car, and the hotel room were not legally justified.  We disagree.
In
 criminal cases, the appellate court sits to review errors of law only, and the
 appellate courts are bound by the circuit courts factual findings unless they
 are clearly erroneous.  State v. Wilson, 345 S.C. 1, 6, 545 S.E.2d 827,
 829 (2001).  This same standard of review applies to preliminary factual
 findings in determining the admissibility of certain evidence in criminal
 cases.  Id. 
A.  Traffic
 Stop
The decision to stop a vehicle is generally reasonable when the
 police have probable cause to believe a traffic violation has occurred.  Whren
 v. United States, 517 U.S. 806, 810 (1996).  Additionally, [i]f the
 officers suspicions are confirmed or are further aroused, the stop may be
 prolonged and the scope enlarged as required by the circumstances.  State
 v. Blassingame, 338 S.C. 240, 248, 525 S.E.2d 535, 539 (Ct. App. 1999).  Police
 may briefly detain and question a person upon a reasonable suspicion, short of
 probable cause for arrest, that the person is involved in criminal activity.  Terry
 v. Ohio, 392 U.S. 1, 22 (1968).  
In this
 case, Deputy McBee observed Simpsons car traveling on the wrong side of the
 road for several feet as it went through an intersection.  When McBee turned
 his patrol car around, Simpsons car sped up and exceeded the speed limit. 
 McBee had ample justification to stop Simpsons car.  Then, Simpson immediately
 exited the car and looked around in a manner that was reasonably interpreted as
 a possible attempt to flee.  That behavior coupled with the bulges in Simpsons
 pockets was sufficient to justify McBee in prolonging the stop.
B. Terry Frisk
A
 police officer may frisk a person when he has a reasonable suspicion that the
 individual is armed and dangerous, and the question is whether a reasonably
 prudent man in the circumstances would be warranted in the belief that his
 safety or that of others was in danger.  Id. at 27.  The term
 reasonable suspicion requires that the officer articulate a particularized and
 objective basis for his belief, and in determining whether reasonable suspicion
 exists, the court must consider the totality of the circumstances.  Blassingame,
 at 248, 525 S.E.2d at 539.
The
 circuit court found that McBee articulated a particularized and objective basis
 for his belief that Simpson might be armed and dangerous.  Simpson exited the
 car and looked around frantically as soon as the car came to a stop.  McBee
 testified that it looked like Simpson was going to run away, so he quickly
 pinned Simpson against the car.  McBee testified that Simpsons eyes were wide
 and bulging, he was sweating profusely on a cool night, he looked nervous, and
 he had two bulges in his pants pockets.  Based on those observations, McBee
 justifiably believed the bulges could have been weapons, and he feared for his
 safety.  
When
 McBee informed Simpson he was going to search him for weapons, Simpson became
 combative and twisted his body in an attempt to escape.  At this point, McBee
 handcuffed Simpson as an additional safety measure.  When McBee completed the
 pat down, he stopped searching Simpson because he was certain the bulges were
 not weapons.  Under the circumstances, these actions were also justified.  
C.  Search
 Incident to Arrest
Once a person is under lawful arrest, a
 contemporaneous search incident to arrest is proper.  Shipley v. California, 395 U.S. 818, 819 (1969).  The full search of a person under lawful arrest
 does not require a search warrant and is considered reasonable under the Fourth
 Amendment.  State v. Freiburger, 366 S.C. 125, 131, 620 S.E.2d 737, 740
 (2005).  Furthermore, a trained narcotics dogs sniff of a vehicle stopped in a
 public place does not constitute a search, and the dogs positive alert for
 drugs gives probable cause for a subsequent search of the vehicle.  State v.
 Jeffus, 22 F.3d 554, 557 (4th Cir. 1994).  
Simpsons
 passenger began to intervene in the situation by yelling and walking around the
 scene.  When Deputy Rudy arrived on the scene, he attempted to further secure
 Simpson while McBee attempted to calm Simpsons passenger.  When Simpson pushed
 Deputy Rudy, he was immediately arrested for assaulting an officer.  Simpson
 was then lawfully searched incident to that arrest.  Independent of that
 arrest, the trained drug sniffing dog alerted on Simpsons car, which provided
 the probable cause to search the car.  Under these circumstances, both the
 search of Simpsons person and the search of Simpsons car were justified.  The
 evidence obtained in these searches provided the probable cause to obtain the
 search warrant for the search of Simpsons hotel room.  The search of the hotel
 room pursuant to a valid warrant was constitutionally valid as well. 
 Therefore, the evidenced seized during these searches was properly admitted
 into evidence at trial.  
CONCLUSION
The
 circuit court properly considered the totality of the circumstances surrounding
 Simpsons initial traffic stop, Terry frisk, search incident to arrest,
 and search of the hotel room.  The record supports the circuit courts rulings
 on the admissibility of the evidence.
Accordingly,
 the circuit courts decision is 
AFFIRMED.[1]  
HUFF,
 BEATTY, and WILLIAMS, JJ., concur.
 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.